COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name: **Williams, James David**
(Last)          (First)

Prisoner Number: **P49807**

Institutional Address: **CTF- P.O. Box 689, Soledad, C.A. 93960**

FILED
Jun 30 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**James David Williams**
(Enter your full name.)

vs.

**Craig Koenig, Steve Posson, Rachael Anderson, K. Hoffman, T. Lemon, M. Sweet, R. Catrina, C. Freeman, J. Borroso, Nguyen, S. Gates, K.J. Allen**
(Enter the full name(s) of the defendant(s) in this action.)

Case No. **4:20-cv-4348-YGR**
(Leave blank; to be provided by Clerk of Court)

COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

## I. Exhaustion of Administrative Remedies.

*Note:* You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.

A. Place of present confinement **(CTF) Correctional Training Facility**

B. Is there a grievance procedure in this institution?   YES ☒   NO ☐

C. If so, did you present the facts in your complaint for review through the grievance procedure?   YES ☒   NO ☐

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

   1. Informal appeal: **Bypassed per regulations**

COMPLAINT Page 1 of 4

2. First formal level: __Bypassed per regulations__

3. Second formal level: __1.) CTF-19-02586-Denied, 2.) CTF HC 19000718-Denied, 3.) CTFHC19000796-Denied, 4.) CTFHC19001094-Denied, 5.) CTFHC17000225 Denied__

4. Third formal level: __#1912678-Denied, CTFHC19000718 Denied, CTFHC19000796-Denied, CTFHC19001094-Denied, CTFHC17000225 Denied - All Attached as Exhibits.__

E. Is the last level to which you appealed the highest level of appeal available to you?

YES ☒    NO ☐

F. If you did not present your claim for review through the grievance procedure, explain why. __N/A - All levels available sought__

## II. Parties.

A. Write your name and present address. Do the same for additional plaintiffs, if any.
__James Williams #P49807__
__CTF-Central P.O. Box 689__
__Soledad, C.A. 93960__

B. For each defendant, provide full name, official position and place of employment.
__1.) Craig Koenig - Warden CTF; 2.) Steve Posson - Chief Medical Executive CTF; 3.) Racheal Anderson - Primary Care Provider CTF; 4.) K. Hoffman - Associate Deputy Warden CTF; 5.) T. Lemon - Associate Warden CTF; 6.) M. Sweet CP&S/MD CTF; 7.) R. Catrina - HCCA CTF; 8.) C. Freeman - HCAU CTF; 9.) J. Borroso - Lt. CTF; 10. Nguyen - Primary Care Provider CTF; 11.) S. Gates - Chief Health Care Appeals Headquarters; 12.) K.J. Allen - Appeal Examiner Headquarters__

COMPLAINT Page 2 of 4

### III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

Claim 1. (ADA) Americans with Disability Act violation

Claim 2. Deliberate Indifference - Medical Treatment - U.S. Eighth Amendment violation

Claim 3. Eighth Amendment violated when failing to provide safe furnishing (Bed) when overcrowding design.

Each claim described further in the attached Statement of claims, with attached Points and Authorities with exhibits.

### IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

1.) Courts order defendants provide plaintiff a M.R.I. to accurately diagnos medical condition; 2.) A Permanet (LBO) Low Bunk Only Accommodation; 3.) Provide a ladder/Handrail/Grab Bar if plaintiff must be assigned upper bunk; 4.) Monetary Damages; 5.) Declatory Judgement of (ADA) right; 6.) Injunction from housing plaintiff on upper bunk area; 7.) Any further relief of the court.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this 17th day of June, 2020

James McClean
(Plaintiff's signature)

*Please continue to the next page.*

COMPLAINT Page 3 of 4

## MAGISTRATE JUDGE JURISDICTION

Please indicate below by checking **one** of the two boxes whether you choose to consent or decline to consent to magistrate judge jurisdiction in this matter. Sign this form below your selection.

☐ **Consent** to Magistrate Judge Jurisdiction

In accordance with the provisions of 28 U.S.C. § 636(c), I voluntarily **consent** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment.

OR

☒ **Decline** Magistrate Judge Jurisdiction

In accordance with the provisions of 28 U.S.C. § 636(c), I **decline** to have a United States magistrate judge conduct all further proceedings in this case, including trial and entry of final judgment.

Signed this 17th day of June, 2020

*James Williams*
(Plaintiff's signature)

COMPLAINT *Page 4 of 4*

III. Statement of Claim (continued)

Claim I.    ADA

On August 1, 2019 plaintiff submitted a CDCR 1824 Reasonable Accommodation Request under the Americans with Disability Act. This request went to a (RAP) review panel, which denied plaintiff's request. Defendants C. Koenig - K. Hoffman - T. Lemon - M. Sweet - R. Catrina - C. Freeman - J. Borroso - K.J. Allen are the named defendants for the respective roles played within the denial of plaintiff's (ADA) request. (See Exhibit A). This denial was done on August 8, 2019 and plaintiff alleges it is in violation of his rights under ADA standards. See Attached Points and Authorities ✗

### Deliberate Indifference Medical

Claim II. Defendants C. Koenig - Steve Posson - R. Anderson - Nguyen - M. Sweet - S. Gates are the named defendants within this claim for their respective roles within the alleged violation. (See Exhibits B,C,D,E,F.) Plaintiff restates the narrative within the Appeal/Grievances as the statement of claim, as it pertains to each defendants role, time, and dates. (See Exhibits B, C, D, E, F).
See Attached Points and Authorities ✗

### Furnishings Bed

Claim III. CDCR-CTF warden C. Koenig has failed to provide a safe way to access added upper bunk. No ladder - handrail - grab bar exist to assist climbing up to nor down from upper bunk causing hazardous/dangerous condition to remain (See Exhibit G)
See Attached Points and Authorities ✗

Points and Authorities

The Americans with Disabilities Act of 1990 (ADA) provides in part "no qualified individual with a disability shall by reason of such disability, be excluded from services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. 12101 et seq.

Defendants have denied plaintiff a back brace for supportive measure, Ruiz v. Estelle, 503 F.Supp at 1340; which would help when plaintiff walks - sneezes.

Prisons are subjected to a limited obligation to make prison facilities accessible to inmates with impaired mobility Ruiz v. Estelle, 503 F.Supp at 1346; see also Kendrick v. Bland, 659 F.Supp. at 1200. Plaintiff is entitled to some assistance with his disability, and his request for a ladder-handrail-grab bar is reasonable to have, as plaintiff awakes in pain; takes medication for back pain; has mobility issue with twisting, turning, jumping with his back in a weakened state to the point of involuntary spasms and inability to sneeze and walk normal; and should not have to hop/leap like a kangaroo in order to come up or down from a upper bunk 5ft. high. Southeastern Community College v. Davis, 99 S.Ct. 2361 (1979); Harris v. Thigpen, 941 F.2d at 1527. This denial of accommodations is deliberately indifferent to plaintiff who is a "qualified individual with a disability."

1

## Points and Authorities

The Supreme Court has ruled that "deliberate indifference to serious medical needs of prisoners" is cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The complaint alleges facts that state a constitutional claim under this standard.

### A. The plaintiff has a serious medical need.

First, courts generally agree that a medical need is "serious" if it has been diagnosed by a physician as mandating treatment"... Johnson v. Busbee, 953 F.2d 349, 351 (8th Cir 1991); Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir 1990); Monomouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir 1987), cert. denied, 486 U.S. 1066 (1988); Ramos v. Lamm, 639 F.2d 599, 575 (10th Cir 1980), cert. denied 450 U.S. 1041 (1981), and cases cited. In this case, the prison doctors thought the plaintiff's problem was serious enough to require treatment, and prescribed multiple medications for it. The plaintiff's problem is therefore "serious" under the holdings of the above cited cases, and Supreme Court standards.

## Points and Authorities

Second, a medical condition may be serious if it "significantly affects an individuals daily activities." McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) Plaintiff's chronic back pain and spasms/pinch have had serious consequences and limitations for him. Plaintiff has informed prison medical that his back pain and spasms are so serious that at times he is unable to stand straight, walk normal without severe pain shoting, and that he must lay down and cannot leave his cell for meals or activities until the "flare ups" subside. Thus, they "significantly affect" the plaintiff's daily activities.

Finally, courts have acknowledged that conditions that cause significant pain are serious medical needs. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992) ("Chronic and substantial pain" indicates that a medical need is serious) Boretti v. Wiscomb, 930 F.2d 1150, 1154-55 (6th Cir. 1991) (needless pain is actionable even if there is no permanent injury); Dean v. Coughlin, 623 F.Supp 392, 404 (S.D.N.Y. 1985) (Conditions that cause pain, discomfort, or threat to good health are serious). This is true because a chief purpose of the Cruel and Unusual Punishments Clause is to prevent the "Unnecessary and Wanton infliction of pain." Estelle v. Gamble, 429 U.S. at 104.

Points and Authorities

Plaintiff alleges that he suffers significant and recurrent pain from his back condition. Plaintiff wakes up to daily pain, and even must hold his knees to brace himself to sneeze due to the pain. This pain is sufficient to make plaintiffs medical need "serious". Plaintiff has informed defendants climbing up and down a upper bunk with no ladder/handrail/grab bar is a condition that aggravates his back and causes additional pain and discomfort needlessly.

As plaintiff has suffered pain to the degree of interference with his daily activities, and the fact that the prison doctor prescribed medication and physical therapy for him shows the problem is serious, and **sufficiently** alleges a serious medical need on the part of the plaintiff.


B. Defendants conduct amounts to deliberate indifference.

Plaintiff alleges that the defendants are "intentionally interfering with the diagnosis and treatments once prescribed" which is one of the forms of deliberate indifference cited by the Supreme Court. Estelle v. Gamble, 429 U.S. at 105.

The defendants have failed to respond appropriately to plaintiffs serious medical needs. Scott v. Ambani, 577 F.3d 642 (6th Cir 2009) Spruill v. Gillis, 372 F.3d 218 (3rd Cir 2004)

4

## Points and Authorities

Defendants have repeatedly denied plaintiff a M.R.I. even when the physical therapist on 12/22/2019 made assessment and diagnosed plaintiff as having signs and symptoms of herniated disc. (See Exhibit ). The M.R.I. is also the only way to see nerve/muscle/tissue to diagnose what is causing the spasms/pinching plaintiff has been reporting for over two years now. The M.R.I. is only way to see what disc are herniated in plaintiffs back. This delay in diagnosis and proper treatment may result in further significant injury due to defendants deliberate indifference to plaintiffs pain and medical request. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir 2006).

Defendants have also removed treatments from the plaintiff, Low Bunk Only (LBO) accommodation even though it is clear the serious medical condition has not cleared, nor gotten better. In fact, the pain has increased yet the defendants state there is nothing preventing plaintiff from climbing up and down a upper bunk multiple times a day - this seen as a deliberate indifference to the fact the (LBO) has been issued for over two years consecutive but now denied due to custodys concern over housing and overcrowding ability. Plaintiff ask this court to take notice of the fact this (LBO) has been removed from treatment plan, yet plaintiffs medical condition has become worse. Why was this removed from treatment plan when still necessary?

## Points and Authorities

1) Defendants violate the Eighth Amendment when they act with diliberate indifference to a prison condition (Bed Access) that exposes plaintiff to an unreasonable risk of harm, and the plaintiff need not wait to be injured from the condition to bring claim. Helling v. Mckinney, 113 S. Ct. 2475, 2480-81 (1993). Plaintiff asserts being housed on the upper bunk puts him at serious risk of injury - while he is already dealing with daily pain. Brown v. Bargery, 207 F.3d 863 (6th Cir 2000); Bradley v. Puckett, 157 F.3d 1022 (5th Cir 1998).

The physical design and layout of upper bunk which lacks a ladder-handrail-grab bar, with limited head space has caused plaintiffs' medical condition to worsen (see Exhibit G) and to place plaintiff back onto this upper bunk or he will be issued disciplinary action is a violation of the U.S. 8th Amendment Peterkin v. Jeffes, 855 F.2d 1021, 1027 (3rd Cir 1998), subjecting plaintiff to physical harm/deteriation.

6

## Conclusion

Plaintiff has been reasonable in his request for (ADA) accommodation, as well as for medical treatment of his serious medical needs. If a back disc is herniated only an M.R.I. will properly dictate which disc, and what is causing spasms/pinch. The Low Bunk Only (LBO) accommodation which has been issued for two consecutive years prior should be deemed permenant as plaintiffs condition has gotten worse and this accommodation is expired, yet the serious medical condition has not.

Plaintiff should not be put into a position to have to climb up and down a bunk bed with no ladder/Grab-bar, while he is in pain, and which may cause further damage. The delay of proper diagnosis is a delay of accurately treating plaintiff's condition. Defendants have been deliberately indifferent soley to allow custody to overcrowd beyond the original design of bed.

Date: June 17, 2020                    *James Williams*

                                       James Williams
                                       Plaintiff, Pro Se

7

## Verification

I have read the foregoing Complaint Under the Civil Rights Act 42 U.S.C. 1983 with attached exhibits, and hereby verify that the matters alleged therin are true except as to matters alleged on information and belief, and as to these, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Soledad, C.A. on June 17, 2020

*James Williams*
James Williams
Plaintiff, Pro Se

PROOF OF SERVICE BY MAIL
BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1023(A), 2015,5)

I, _James David Williams_, declare:
I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterey, State of California. My prison address is:

_James Williams_, CDCR#: _P49807_

CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: _FW-331_
Soledad, CA  93960-0689

On _June 18, 2020_, I served the attached:

_42 U.S.C. 1983 Complaint; Motion to Request Service of Action to defendants_

on the parties herein by placing a true and correct copy thereof, enclosed in a sealed envelope with first class postage fully prepaid in the United States Mail at the hands of prison staff utilizing the system designated for legal mail at the Correctional Training Facility, Soledad, California, as per the Mailbox Rule (Rules 3(d) of the Federal Rules Governing § 2254), addressed as follows:

_United States District Court_
_Northern District of California_
_450 Golden Gate Ave_
_San Francisco, CA. 94102_

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed on _June 18, 2020_

_James Williams_

_James Williams_
Declarant/Petitioner