UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES DAVID WILLIAMS,

    Plaintiff,

    v.

CRAIG KOENIG, et al.,

    Defendants.

Case No. 20-cv-04348-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the Correctional Training Facility("CTF"), has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges violations of his constitutional rights by prison officials and medical staff at CTF. Dkt. 1. The Court has granted his motion for leave to proceed *in forma pauperis* in a separate written Order.

In his complaint, Plaintiff names the following Defendants at CTF: Warden Craig Koenig; Chief Medical Executive Steve Posson; Primary Care Provider Dr. Racheal Anderson and Dr. Nguyen; Associate Deputy Warden K. Hoffman; Associate Warden T. Lemon[1]; Dr. M. Sweet; "HCCA"[2] R. Catrina; "HCAU"[3] C. Freeman, Lt. J. Borroso; Chief of Health Care Appeals S. Gates; and Appeal Examiner K. J. Allen. Dkt. 1 at 2.[4] Plaintiff seeks injunctive relief and monetary damages. *Id.* at 3.

Venue is proper because certain events giving rise to the claims are alleged to have occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

---

[1] This defendant's last name was incorrectly listed as "Lennon" in the Court's docket, instead of "Lemon." *See* Dkt. 1 at 2.

[2] Plaintiff does not indicate what "HCCA" stands for. *See* Dkt. 1 at 2.

[3] Plaintiff does not indicate what "HCAU" stands for. *See* Dkt. 1 at 2.

[4] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with leave to amend.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." To comport with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests*." Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A supervisor may be liable under section 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446.

### B. Legal Claims

Plaintiff claims that he "suffers significant and recurrent pain from his back condition," which "is causing the spasms/pinching [he] has been reporting for over two years . . . ." Dkt. 1 at 9-10. He alleges the following claims: (1) an "ADA[5]" violation stemming for Defendants' denial of his "CDCR [Form] 1824 Reasonable Accommodation Request under the Americans with Disability Act," which led to the denial of a "'back-brace' for supportive measure" and the denial of his request for a "ladder-handrail-grab-bar" in order to "come up or down from a[n] upper bunk"; (2) a claim of deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights, stemming from Defendants' "repeated[]" denial of Plaintiff's request for an MRI,[6] and their "remov[al] [of] treatments" such as "Low Bunk Only (LBO) accommodation"; and (3) Defendant Koenig's "fail[ure] to provide a safe way to access . . . upper bunk [due to] no ladder [or] handrail" leading to a "violat[ion] [of] the Eighth Amendment when they act[ed] with deliberate indifference to a prison condition (bed access) that exposes [P]laintiff to an unreasonable risk of harm . . . ." Dkt. 1 at 3-11.

---

[5] ADA refers to Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.*

[6] Plaintiff claims that "the physical therapist on 12/22/2019 made [an] assessment and diagnosed [P]laintiff as having signs and symptoms of herniated disc." Dkt. 1 at 10.

### 1. Section 1983 Claims

As mentioned above, to state a claim under 42 U.S.C. § 1983, Plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West*, 487 U.S. at 48. However, in its present state, the complaint fails to state a claim against a viable defendant and therefore must be dismissed. Leave to amend is granted so that Plaintiff may attempt to file an amended complaint that cures the deficiencies discussed in this Order.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition of cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth Amendment claim based on inadequate medical care, a prisoner-plaintiff must show: (1) a serious medical need, and (2) deliberate indifference thereto by a defendant. The subjective deliberate indifference standard that applies in an Eighth Amendment claim requires that the official know of and disregard an excessive risk to inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi*, 391 F.3d at 1060-61.

Here, Plaintiff's claims cannot proceed as pleaded because he has not directly linked all of the named CTF Defendants to his allegations. Specifically, Plaintiff's claims are brought against numerous defendants, some of whom either are not mentioned in his statement of facts, or are linked only in a conclusory manner to his claims. Further, some of the named CTF defendants are supervisory officials, against whom liability is alleged solely in their respondent superior capacity, which is improper. *See Taylor*, 880 F.2d at 1045 (Under no circumstances is there respondeat superior liability under section 1983.).

Specifically, Plaintiff claims in a conclusory manner that Defendants are "'intentionally interfering with the diagnosis and treatments once prescribed,'" and "have failed to respond appropriately to [his] serious medical needs." Dkt. 1 at 9. However, the Court finds that Plaintiff

4

fails to support his claim of deliberate indifference. While Plaintiff claims that his repeated requests for an MRI or for an LBO accommodation were denied, he fails to link each named Defendant to any specific acts of deliberate indifference, including the aforementioned denial of his requests. He must allege facts in his amended complaint showing both a serious medical need and deliberate indifference thereto by each named Defendant.

Plaintiff states that he has attached copies of his administrative "appeals/grievances" to his complaint form, but this is not sufficient. Dkt. 1 at 5. Plaintiff may not simply attach documents and rely upon the court to parse through them to discover sufficient allegations to support his claims for relief. Rather, it is Plaintiff who must pull from his supporting documentation the allegations necessary to state a cognizable claim for relief under Section 1983, and he must include those allegations in his complaint. Plaintiff will be given leave to do so in an amended complaint.

As to Plaintiff's Eighth Amendment claim based on Defendant Koenig's alleged "fail[ure] to provide a safe way to access . . . upper bunk," *see* dkt. 1 at 5, this claim is dismissed with leave to amend to provide more information. The only defendant Plaintiff holds liable for this claim is the warden, but Plaintiff has not demonstrated the warden's personal involvement in the constitutional deprivation. Plaintiff must show that the warden was deliberately indifferent to his safety. In an amended complaint, Plaintiff may wish to add defendants who denied any requests for a "ladder-handrail-grab bar." *See* Dkt. 1 at 11. In addition, Plaintiff must demonstrate that the additional defendants' failure to provide a "ladder-handrail-grab bar" violated the Eighth Amendment. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297). Specifically, Plaintiff should indicate if he requested a "ladder-handrail-grab bar" or provide more allegations how the denial such a request was sufficiently serious, and that these additional named defendants had a culpable state of mind. *See id.*

Accordingly, Plaintiff's aforementioned Eighth Amendment claims are DISMISSED with

1   leave to amend.  Plaintiff may, however, file an amended complaint if he can in good faith allege

2   facts, subject to proof, that cure the pleading deficiencies noted above.

### 2. The ADA Claim

The ADA and section 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C. § 701 *et seq.* ("RA"), prohibit discrimination on the basis of a disability in the programs, services or activities of a public entity. Federal regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program or activity." 28 C.F.R. § 35.130(b)(7).

The elements of a cause of action under Title II of the ADA are:  (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.  *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  A cause of action under section 504 of the RA essentially parallels an ADA cause of action.  *See Olmstead v. Zimring*, 527 U.S. 581, 590 (1999); *Duvall v. Cty of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

Plaintiff's allegation that the Defendants' alleged denial of his "Reasonable Accommodation Request" (which purportedly included a request for a "back-brace for supportive measure" and the denial of his request for a "ladder-handrail-grab-bar" in order to "come up or down from a[n] upper bunk") alone is not enough to state a claim under the ADA.  Most notably, he does not allege facts suggesting that he is an individual with a disability such that he would be a proper plaintiff to assert an ADA claim.  Additionally, he has not identified a proper defendant for a claim under the ADA or RA.  The proper defendant for a claim under Title II of the ADA and section 504 of the RA is the public entity responsible for the alleged discrimination.  *See Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009) (collecting cases); *but cf. Eason v. Clark Cty Sch.*

1   *Dist.*, 393 F.3d 1137, 1145 (9th Cir. 2002) (declining to decide the issue). Title II of the ADA

2   does not provide for suit against a public official acting in his individual capacity. *Everson*, 556

3   F.3d at 501. A plaintiff also cannot assert a claim under section 1983 against Defendants in their

4   individual capacities to vindicate rights created by the ADA and the RA. *See Vinson v. Thomas*,

5   288 F.3d 1145, 1156 (9th Cir. 2002).

6   Leave to amend is granted so that Plaintiff may attempt to allege a claim under the ADA

7   and RA. Here, the proper defendants for a claim under the ADA and RA would be the entity that

8   runs the prison in which the alleged acts in violation of the ADA occurred. He also must allege

9   specific facts showing a violation of his rights under the ADA and RA.

### 3. Exhaustion

11  Finally, Plaintiff is further cautioned that he must have exhausted his administrative

12  remedies before filing suit in federal court. The Prison Litigation Reform Act of 1995 amended

13  42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions

14  under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or

15  other correctional facility until such administrative remedies as are available are exhausted." 42

16  U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district

17  court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739

18  (2001)). An action must be dismissed unless the prisoner exhausted his available administrative

19  remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending.

20  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). From the face of Plaintiff's complaint,

21  it does not appear that he has exhausted his administrative remedies as to *all* his aforementioned

22  claims.

### III. CONCLUSION

24  For the foregoing reasons, the Court orders as follows:

25  1.   Plaintiff's complaint is DISMISSED with leave to amend.

26  2.   Within **twenty-eight (28)** days from the date of this Order, Plaintiff may, but is not

27  required to, file an amended complaint to cure the deficiencies noted above, if he truthfully can do

28  so. Plaintiff shall use the court's civil rights complaint form, a copy of which is provided

7

herewith, and include in the caption both the case number of this action, Case No. 20-cv-04348-YGR (PR), and the heading "AMENDED COMPLAINT." **Failure to file the amended complaint by the deadline or to correct the aforementioned deficiencies outlined above will result in the dismissal of this action without prejudice.**

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981). Plaintiff may not incorporate material from the prior complaint by reference. Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must file a notice of change of address promptly, specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

5. The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along with his copy of this Order.

IT IS SO ORDERED.

Dated: January 15, 2021

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge