

4:20-cv-04348-YGR

SAN FRANCISCO CA 940

20 JAN 2021 PM 5 L

94102>3661

RETURNED FOR ADDITIONAL POSTAGE

RECEIVED
FILED
FEB 08 2021

FEB 08 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

FEB 08 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
CLERK, U.S. DISTRICT OF CALIFORNIA
NORTH DISTRICT OF CALIFORNIA

93960-068985

NIXIE          957    4E    1        02/02/2020
RETURN TO SENDER
UNDELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
BC: 94102366199        *2641-02525-02-08
02/02/21

James David Williams ID: P-49807
FW-331
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960


20-cv-04348-YGR

1

2

3

4                       UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6

7    JAMES DAVID WILLIAMS,                    Case No. 20-cv-04348-YGR (PR)

          Plaintiff,

8

          v.                                  **ORDER GRANTING *IN FORMA***
9                                             ***PAUPERIS* STATUS; AND GRANTING**
                                              **PLAINTIFF'S MOTION TO SCREEN**
10   CRAIG KOENIG, et al.,                    **COMPLAINT**

          Defendants.

11

12         Plaintiff's application for *in forma pauperis* status is GRANTED.  The total filing fee due

13   is $350.00.  The initial partial filing fee due for Plaintiff at this time is $3.20.  A copy of this

14   Order and the attached instruction sheet will be sent to Plaintiff, the Prison Trust Account Office

15   and the Court's Financial Office.

16         Also before the Court is Plaintiff's "Motion to Request Service of This Action to

17   Defendants."  Dkt. 4.  The Court will construe Plaintiff's motion as a request for the Court to

18   screen the complaint under 28 U.S.C. § 1915A.  His motion is GRANTED.  The Court will

19   conduct its initial review of the complaint pursuant to 28 U.S.C. § 1915A in a separate written

20   Order.

21         This Order terminates Docket nos. 2 and 4.

22         IT IS SO ORDERED.

23   Dated: January 15, 2021

24                                          _____

25                                          JUDGE YVONNE GONZALEZ ROGERS
                                            United States District Judge
26

27

28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action *in forma pauperis* in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

        The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

        Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting *in forma pauperis* and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff/Petitioner
       Finance Office
        Prison Trust Account Office

2

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES DAVID WILLIAMS,

    Plaintiff,

    v.

CRAIG KOENIG, et al.,

    Defendants.

Case No. 20-cv-04348-YGR (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I.    INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at the Correctional Training Facility("CTF"), has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges violations of his constitutional rights by prison officials and medical staff at CTF. Dkt. 1. The Court has granted his motion for leave to proceed *in forma pauperis* in a separate written Order.

In his complaint, Plaintiff names the following Defendants at CTF: Warden Craig Koenig; Chief Medical Executive Steve Posson; Primary Care Provider Dr. Racheal Anderson and Dr. Nguyen; Associate Deputy Warden K. Hoffman; Associate Warden T. Lemon[1]; Dr. M. Sweet; "HCCA"[2] R. Catrina; "HCAU"[3] C. Freeman, Lt. J. Borroso; Chief of Health Care Appeals S. Gates; and Appeal Examiner K. J. Allen. Dkt. 1 at 2.[4] Plaintiff seeks injunctive relief and monetary damages. *Id.* at 3.

Venue is proper because certain events giving rise to the claims are alleged to have occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

---

[1] This defendant's last name was incorrectly listed as "Lennon" in the Court's docket, instead of "Lemon." *See* Dkt. 1 at 2.

[2] Plaintiff does not indicate what "HCCA" stands for. *See* Dkt. 1 at 2.

[3] Plaintiff does not indicate what "HCAU" stands for. *See* Dkt. 1 at 2.

[4] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

1  Based upon a review of the complaint pursuant to 28 U.S.C. § 1915A, it is dismissed with

2  leave to amend.

3  ## II.   DISCUSSION

4  ### A.   Standard of Review

5  A federal court must conduct a preliminary screening in any case in which a prisoner seeks

6  redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C.

7  § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

8  that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

9  monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2).

10  *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*,

11  901 F.2d 696, 699 (9th Cir. 1988).

12  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

13  claim showing that the pleader is entitled to relief."  To comport with Rule 8, "[s]pecific facts are

14  not necessary; the statement need only give the defendant fair notice of what the . . . claim is and

15  the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

16  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a

17  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

18  labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

19  do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."

20  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must

21  proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United

22  States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal

23  conclusions can provide the complaint's framework, they must be supported by factual

24  allegations.  When there are well-pleaded factual allegations, a court should assume their veracity

25  and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*,

26  556 U.S. 662, 679 (2009).

27  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

28  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1  the alleged violation was committed by a person acting under color of state law. *See West v.*

2  *Atkins*, 487 U.S. 42, 48 (1988).

3       A supervisor may be liable under section 1983 upon a showing of personal involvement in

4  the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful

5  conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446

6  (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for

7  constitutional violations of his subordinates if the supervisor participated in or directed the

8  violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d

9  1040, 1045 (9th Cir. 1989). This includes evidence that a supervisor implemented "a policy so

10  deficient that the policy itself is a repudiation of constitutional rights and is the moving force of

11  the constitutional violation." *Redman*, 942 F.2d at 1446.

12       **B.**   **Legal Claims**

13       Plaintiff claims that he "suffers significant and recurrent pain from his back condition,"

14  which "is causing the spasms/pinching [he] has been reporting for over two years . . . ." Dkt. 1 at

15  9-10. He alleges the following claims: (1) an "ADA[5]" violation stemming for Defendants' denial

16  of his "CDCR [Form] 1824 Reasonable Accommodation Request under the Americans with

17  Disability Act," which led to the denial of a "'back-brace' for supportive measure" and the denial

18  of his request for a "ladder-handrail-grab-bar" in order to "come up or down from a[n] upper

19  bunk"; (2) a claim of deliberate indifference to his serious medical needs in violation of his Eighth

20  Amendment rights, stemming from Defendants' "repeated[]" denial of Plaintiff's request for an

21  MRI,[6] and their "remov[al] [of] treatments" such as "Low Bunk Only (LBO) accommodation";

22  and (3) Defendant Koenig's "fail[ure] to provide a safe way to access . . . upper bunk [due to] no

23  ladder [or] handrail" leading to a "violat[ion] [of] the Eighth Amendment when they act[ed] with

24  deliberate indifference to a prison condition (bed access) that exposes [P]laintiff to an

25  unreasonable risk of harm . . . ." Dkt. 1 at 3-11.

26

27       [5] ADA refers to Title II of the Americans With Disabilities Act, 42 U.S.C. § 12131 *et seq.*

28       [6] Plaintiff claims that "the physical therapist on 12/22/2019 made [an] assessment and diagnosed [P]laintiff as having signs and symptoms of herniated disc." Dkt. 1 at 10.

United States District Court
Northern District of California

### 1. Section 1983 Claims

As mentioned above, to state a claim under 42 U.S.C. § 1983, Plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West*, 487 U.S. at 48. However, in its present state, the complaint fails to state a claim against a viable defendant and therefore must be dismissed. Leave to amend is granted so that Plaintiff may attempt to file an amended complaint that cures the deficiencies discussed in this Order.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's prohibition of cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth Amendment claim based on inadequate medical care, a prisoner-plaintiff must show: (1) a serious medical need, and (2) deliberate indifference thereto by a defendant. The subjective deliberate indifference standard that applies in an Eighth Amendment claim requires that the official know of and disregard an excessive risk to inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi*, 391 F.3d at 1060-61.

Here, Plaintiff's claims cannot proceed as pleaded because he has not directly linked all of the named CTF Defendants to his allegations. Specifically, Plaintiff's claims are brought against numerous defendants, some of whom either are not mentioned in his statement of facts, or are linked only in a conclusory manner to his claims. Further, some of the named CTF defendants are supervisory officials, against whom liability is alleged solely in their respondent superior capacity, which is improper. *See Taylor*, 880 F.2d at 1045 (Under no circumstances is there respondeat superior liability under section 1983.).

Specifically, Plaintiff claims in a conclusory manner that Defendants are "'intentionally interfering with the diagnosis and treatments once prescribed,'" and "have failed to respond appropriately to [his] serious medical needs." Dkt. 1 at 9. However, the Court finds that Plaintiff

4

1    fails to support his claim of deliberate indifference.  While Plaintiff claims that his repeated

2    requests for an MRI or for an LBO accommodation were denied, he fails to link each named

3    Defendant to any specific acts of deliberate indifference, including the aforementioned denial of

4    his requests.  He must allege facts in his amended complaint showing both a serious medical need

5    and deliberate indifference thereto by each named Defendant.

6       Plaintiff states that he has attached copies of his administrative "appeals/grievances" to his

7    complaint form, but this is not sufficient.  Dkt. 1 at 5.  Plaintiff may not simply attach documents

8    and rely upon the court to parse through them to discover sufficient allegations to support his

9    claims for relief.  Rather, it is Plaintiff who must pull from his supporting documentation the

10    allegations necessary to state a cognizable claim for relief under Section 1983, and he must

11    include those allegations in his complaint.  Plaintiff will be given leave to do so in an amended

12    complaint.

13       As to Plaintiff's Eighth Amendment claim based on Defendant Koenig's alleged "fail[ure]

14    to provide a safe way to access . . . upper bunk," *see* dkt. 1 at 5, this claim is dismissed with leave

15    to amend to provide more information.  The only defendant Plaintiff holds liable for this claim is

16    the warden, but Plaintiff has not demonstrated the warden's personal involvement in the

17    constitutional deprivation.  Plaintiff must show that the warden was deliberately indifferent to his

18    safety.  In an amended complaint, Plaintiff may wish to add defendants who denied any requests

19    for a "ladder-handrail-grab bar."  *See* Dkt. 1 at 11.  In addition, Plaintiff must demonstrate that the

20    additional defendants' failure to provide a "ladder-handrail-grab bar" violated the Eighth

21    Amendment.  A prison official violates the Eighth Amendment when two requirements are met:

22    (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834

23    (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a

24    sufficiently culpable state of mind, *id.* (citing *Wilson*, 501 U.S. at 297).  Specifically, Plaintiff

25    should indicate if he requested a "ladder-handrail-grab bar" or provide more allegations how the

26    denial such a request was sufficiently serious, and that these additional named defendants had a

27    culpable state of mind.  *See id.*

28       Accordingly, Plaintiff's aforementioned Eighth Amendment claims are DISMISSED with

1  leave to amend.  Plaintiff may, however, file an amended complaint if he can in good faith allege

2  facts, subject to proof, that cure the pleading deficiencies noted above.

3  ### 2. The ADA Claim

4    The ADA and section 504 of the Rehabilitation Act, as amended and codified in 29 U.S.C.

5  § 701 *et seq.* ("RA"), prohibit discrimination on the basis of a disability in the programs, services

6  or activities of a public entity. Federal regulations require a public entity to "make reasonable

7  modifications in policies, practices, or procedures when the modifications are necessary to avoid

8  discrimination on the basis of disability, unless the public entity can demonstrate that making the

9  modifications would fundamentally alter the nature of the service, program or activity." 28 C.F.R.

10  § 35.130(b)(7).

11    The elements of a cause of action under Title II of the ADA are:  (1) the plaintiff is an

12  individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the

13  benefit of some public entity's services, programs, or activities; (3) the plaintiff was either

14  excluded from participation in or denied the benefits of the public entity's services, programs or

15  activities, or was otherwise discriminated against by the public entity; and (4) such exclusion,

16  denial of benefits, or discrimination was by reason of the plaintiff's disability. *Thompson v.*

17  *Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  A cause of action under section 504 of the RA

18  essentially parallels an ADA cause of action. *See Olmstead v. Zimring*, 527 U.S. 581, 590 (1999);

19  *Duvall v. Cty of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

20    Plaintiff's allegation that the Defendants' alleged denial of his "Reasonable

21  Accommodation Request" (which purportedly included a request for a "back-brace for supportive

22  measure" and the denial of his request for a "ladder-handrail-grab-bar" in order to "come up or

23  down from a[n] upper bunk") alone is not enough to state a claim under the ADA.  Most notably,

24  he does not allege facts suggesting that he is an individual with a disability such that he would be a

25  proper plaintiff to assert an ADA claim.  Additionally, he has not identified a proper defendant for

26  a claim under the ADA or RA.  The proper defendant for a claim under Title II of the ADA and

27  section 504 of the RA is the public entity responsible for the alleged discrimination. *See Everson*

28  *v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009) (collecting cases); *but cf. Eason v. Clark Cty Sch.*

United States District Court
Northern District of California

6

United States District Court
Northern District of California

*Dist.*, 393 F.3d 1137, 1145 (9th Cir. 2002) (declining to decide the issue). Title II of the ADA does not provide for suit against a public official acting in his individual capacity. *Everson*, 556 F.3d at 501. A plaintiff also cannot assert a claim under section 1983 against Defendants in their individual capacities to vindicate rights created by the ADA and the RA. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

Leave to amend is granted so that Plaintiff may attempt to allege a claim under the ADA and RA. Here, the proper defendants for a claim under the ADA and RA would be the entity that runs the prison in which the alleged acts in violation of the ADA occurred. He also must allege specific facts showing a violation of his rights under the ADA and RA.

### 3. Exhaustion

Finally, Plaintiff is further cautioned that he must have exhausted his administrative remedies before filing suit in federal court. The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002). From the face of Plaintiff's complaint, it does not appear that he has exhausted his administrative remedies as to *all* his aforementioned claims.

### III.   CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     Plaintiff's complaint is DISMISSED with leave to amend.

2.     Within **twenty-eight (28)** days from the date of this Order, Plaintiff may, but is not required to, file an amended complaint to cure the deficiencies noted above, if he truthfully can do so. Plaintiff shall use the court's civil rights complaint form, a copy of which is provided

1    herewith, and include in the caption both the case number of this action, Case No. 20-cv-04348-

2    YGR (PR), and the heading "AMENDED COMPLAINT." **Failure to file the amended**

3    **complaint by the deadline or to correct the aforementioned deficiencies outlined above will**

4    **result in the dismissal of this action without prejudice.**

5         3.    Plaintiff is advised that an amended complaint supersedes the original complaint.

6    "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in

7    the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

8    Plaintiff may not incorporate material from the prior complaint by reference. Defendants not

9    named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258,

10   1262 (9th Cir. 1992).

11        4.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court

12   informed of any change of address and must comply with the Court's orders in a timely fashion.

13   Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes

14   while an action is pending must file a notice of change of address promptly, specifying the new

15   address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail

16   directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

17   (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

18   *se* party indicating a current address. *See* L.R. 3-11(b).

19        5.    The Clerk of the Court shall send Plaintiff a blank civil rights complaint form along

20   with his copy of this Order.

21        IT IS SO ORDERED.

22   Dated: January 15, 2021

                                          _____
23
                                          JUDGE YVONNE GONZALEZ ROGERS
24                                        United States District Judge

25

26

27

28

United States District Court
Northern District of California

8

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## INSTRUCTIONS FOR FILING A CIVIL RIGHTS COMPLAINT
## BY A PRISONER UNDER 42 U.S.C. § 1983

I.   SCOPE OF 42 U.S.C. § 1983

You may file a civil rights action under 42 U.S.C. § 1983 to challenge federal constitutional or statutory violations by state actors which affect the conditions of your confinement.

A § 1983 action may not be used to challenge the length of your sentence or the validity of your conviction. Such claims must be addressed in a petition for a writ of habeas corpus, on the forms provided by the clerk. If you wish to challenge a state court sentence or conviction, ask for the packet titled *Instructions for Filing a Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254.*

II.   FILING A § 1983 ACTION

To file a § 1983 action, you must submit: (1) an original, completed complaint form; and (2) a check or money order for $400.00, or an original, completed Prisoner's Application to Proceed In Forma Pauperis (see more below). When these forms are completed fully, mail the originals to: Clerk, U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

III.   FILING FEE

The fee for filing a § 1983 action is $400.00 ($350 filing fee plus $50 administrative fee), to be paid at the time of filing. If you are unable to pay the full fee when you file your complaint, you may petition the court to proceed in forma pauperis, using the forms provided by the clerk. Ask for the packet titled *Instructions for Filing an Application to Proceed In Forma Pauperis by a Prisoner under 28 U.S.C. § 1915.* Even if you are granted leave to proceed in forma pauperis, you must still pay the $350 filing fee (not the $50 administrative fee), but the filing fee will be paid in several installments.

You must complete the Prisoner's Application to Proceed In Forma Pauperis in its entirety and sign and declare under penalty of perjury that the facts stated therein are true and correct. Each plaintiff must submit his or her own Prisoner's In Forma Pauperis Application. You must use the Prisoner's In Forma Pauperis Application provided with the clerk of this court and not any other version.

IV.   COMPLAINT FORM

You must complete the complaint form in its entirety. All questions must be answered in order for your action to proceed. Your responses must be typewritten or legibly handwritten and you must sign and declare under penalty of perjury that the facts stated in the complaint are true and correct.

Under 42 U.S.C. § 1997e, you are required to exhaust available administrative remedies before filing a § 1983 action; you must indicate clearly in the space provided on the complaint form whether you have done so.

## V.    MAGISTRATE JUDGE JURISDICTION

Magistrate judges are selected through a statutorily prescribed merit selection process and are appointed by the judges of this court.  The court encourages parties to consent to magistrate judge jurisdiction as it may result in an earlier resolution of the matter; the rules and procedures used to decide your case will be the same regardless of whether a district judge or a magistrate judge decides your case.  But you are free to decline magistrate judge jurisdiction and request that your case be decided by a district judge.  Please indicate on the *Consent or Declination to Magistrate Judge Jurisdiction* form, provided by the clerk, whether you consent or decline to consent to magistrate judge jurisdiction.

## VI.    AFTER YOUR COMPLAINT IS FILED

The clerk will assign a case number and judge to your complaint and mail you a copy of the first page, which will have the case number and judge's initials stamped on it.  Please retain this copy for your records and put the case number on any case-related document you send to the court.  If your complaint is deficient in any way, the clerk may send you a notice that will require your response.  If your case is assigned to a magistrate judge before you consented or declined to consent to magistrate judge jurisdiction, the clerk may send you a *Consent or Declination to Magistrate Judge Jurisdiction* form that will require your response.  Please note that it is your responsibility to inform the court in writing without delay if your address changes.  You will be notified at the address the court has on record whenever the court issues an order.  A failure to respond to notices or orders or a failure to update your address may result in the dismissal of your case.

## VII.    REPEAT FILERS

If you are seeking leave to proceed in forma pauperis and, while incarcerated or detained, you filed § 1983 actions on three or more prior occasions that were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, you may not file a new § 1983 action unless you are under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

## VIII.    INQUIRIES AND COPYING REQUESTS

Because of the large volume of cases filed in this court and limited court resources, the court will not answer inquiries concerning the status of your case or provide copies of documents, except at a charge of fifty cents ($0.50) per page. It is therefore recommended that you make and keep a copy of every document you submit to the court for your records.

1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

2  Name: _____

3            *(Last)*               *(First)*              *(Middle Initial)*

4  Prisoner Number: _____

5  Institutional Address: _____

6               _____

7

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10  _____  )

11  *(Enter your full name.)*  )

                )

12           vs.         )    Case No. _____

                )    *(Provided by the clerk upon filing)*

13  _____  )

                )    **COMPLAINT UNDER THE**

14  _____  )    **CIVIL RIGHTS ACT,**

                )    **42 U.S.C. § 1983**

15  _____  )

  *(Enter the full name(s) of the defendant(s) in this action.)*  )

16  _____  )

17  **I. Exhaustion of Administrative Remedies.**

18  **Note:** *You must exhaust available administrative remedies before your claim can go*

19        *forward. The court will dismiss any unexhausted claims.*

20  A.    Place of present confinement _____  _____

21  B.    Is there a grievance procedure in this institution?    **YES** ☐    **NO** ☐

22  C.    If so, did you present the facts in your complaint for review through the grievance

23      procedure?    **YES** ☐    **NO** ☐

24  D.    If your answer is YES, list the appeal number and the date and result of the appeal at each

25      level of review. If you did not pursue any available level of appeal, explain why.

26          1. Informal appeal: _____

27          _____

28          _____

PRISONER COMPLAINT (rev. 8/2015)
*Page 1 of 3*

2.  First formal level: _____

_____

_____

3.  Second formal level: _____

_____

_____

4.  Third formal level: _____

_____

_____

E.    Is the last level to which you appealed the highest level of appeal available to you?

**YES** ☐      **NO** ☐

F.    If you did not present your claim for review through the grievance procedure, explain why.

_____

_____

_____

## II.   Parties.

A.    Write your name and present address.  Do the same for additional plaintiffs, if any.

_____

_____

_____

B.    For each defendant, provide full name, official position and place of employment.

_____

_____

_____

_____

_____

_____

_____

PRISONER COMPLAINT (rev. 8/2015)
*Page 2 of 3*

1    ## III.  Statement of Claim.

2        State briefly the facts of your case. Be sure to describe how each defendant is involved
     and to include dates, when possible. Do not give any legal arguments or cite any cases or
     statutes. If you have more than one claim, each claim should be set forth in a separate
3    numbered paragraph.

4    _____

5    _____

6    _____

7    _____

8    _____

9    _____

10   _____

11   _____

12   _____

13   _____

14   _____

15   _____

16   ## IV.  Relief.

17       Your complaint must include a request for specific relief.  State briefly exactly what you
     want the court to do for you. Do not make legal arguments and do not cite any cases or
18   statutes.

19   _____

20   _____

21   _____

22   _____

23

24   I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

25   Executed on: _____      _____
                        *Date*                             *Signature of Plaintiff*


     PRISONER COMPLAINT (rev. 8/2015)
     *Page 3 of 3*