1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES DAVID WILLIAMS,

Plaintiff,

v.

CRAIG KOENIG, et al.,

Defendants.

Case No. 20-cv-04348-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, a state prisoner currently incarcerated at the Correctional Training Facility ("CTF"), filed the present *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging constitutional rights violations. He has been granted leave to proceed *in forma pauperis*. Dkt. 6.

In his complaint, Plaintiff named the following Defendants at CTF: Warden Craig Koenig; Chief Medical Executive Steve Posson; Primary Care Provider Dr. Racheal Anderson and Dr. Nguyen; Associate Deputy Warden K. Hoffman; Associate Warden T. Lemon; Dr. M. Sweet; "HCCA" R. Catrina; "HCAU" C. Freeman, Lt. J. Borroso; Chief of Health Care Appeals S. Gates; and Appeal Examiner K. J. Allen.[1] Dkt. 1 at 2. Plaintiff seeks injunctive relief and monetary damages. *Id.* at 3.

In an Order dated January 15, 2021, the Court conducted an initial screening of the complaint pursuant to 28 U.S.C. § 1915A(a). Dkt. 7. The Court gave the following summary of Plaintiff's claims:

> Plaintiff claims that he "suffers significant and recurrent pain from his back condition," which "is causing the spasms/pinching [he] has been reporting for over two years . . . ." Dkt. 1 at 9-10. He alleges the following claims: (1) an "ADA5 " violation stemming for Defendants' denial of his "CDCR [Form] 1824 Reasonable Accommodation Request under the Americans with Disability Act," which led to the denial of a "'back-brace' for supportive measure" and the denial of his request for a "ladder-handrail-grab-bar" in order to "come up or down from a[n] upper bunk"; (2) a claim of deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights, stemming from Defendants' "repeated[]" denial of Plaintiff's request for an MRI,6 and their "remov[al] [of]

---

[1] Plaintiff did not indicate what either "HCCA" or "HCAU" stand for. *See* Dkt. 1 at 2.

treatments" such as "Low Bunk Only (LBO) accommodation"; and (3) Defendant Koenig's "fail[ure] to provide a safe way to access . . . upper bunk [due to] no ladder [or] handrail" leading to a "violat[ion] [of] the Eighth Amendment when they act[ed] with deliberate indifference to a prison condition (bed access) that exposes [P]laintiff to an unreasonable risk of harm . . . ." Dkt. 1 at 3-11.

*Id.* at 3.

First, the Court found that Plaintiff's claims could not proceed as pleaded because he has not directly linked all of the named CTF Defendants to his allegations. *Id.* at 4. Specifically, the Court noted that Plaintiff's claims were "brought against numerous defendants, some of whom either are not mentioned in his statement of facts, or are linked only in a conclusory manner to his claims." *Id.* The Court added that "some of the named CTF defendants are supervisory officials, against whom liability is alleged solely in their respondent superior capacity, which is improper." *Id.* (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Under no circumstances is there respondeat superior liability under section 1983.).

The Court also found that Plaintiff failed to support his claim of deliberate indifference based on his "conclusory" claims that Defendants were "'intentionally interfering with the diagnosis and treatments once prescribed,'" and "have failed to respond appropriately to [his] serious medical needs." *Id.* at 4-5. The Court further elaborated and gave the following instructions Plaintiff:

> While Plaintiff claims that his repeated requests for an MRI or for an LBO accommodation were denied, he fails to link each named Defendant to any specific acts of deliberate indifference, including the aforementioned denial of his requests. He must allege facts in his amended complaint showing both a serious medical need and deliberate indifference thereto by each named Defendant.

*Id.* at 5. The Court noted that Plaintiff attached copies of his administrative "appeals/grievances" to his complaint form, but found this was "not sufficient" and added as follows:

> Plaintiff may not simply attach documents and rely upon the court to parse through them to discover sufficient allegations to support his claims for relief. Rather, it is Plaintiff who must pull from his supporting documentation the allegations necessary to state a cognizable claim for relief under Section 1983, and he must include those allegations in his complaint. Plaintiff will be given leave to do so in an amended complaint.

*Id.*

2

1   Finally, as to Plaintiff's Eighth Amendment claim based on Defendant Koenig's alleged

2   "fail[ure] to provide a safe way to access . . . upper bunk," the Court dismissed this claim with

3   leave to amend to provide more information. *Id.* (quoting Dkt. 1 at 5). The Court noted that the

4   only defendant Plaintiff holds liable for this claim was the warden, but Plaintiff has not

5   demonstrated the warden's personal involvement in the constitutional deprivation. The Court

6   directed as follows:

7           Plaintiff must show that the warden was deliberately indifferent to his
            safety. In an amended complaint, Plaintiff may wish to add
8           defendants who denied any requests for a "ladder-handrail-grab bar."
            *See* Dkt. 1 at 11. In addition, Plaintiff must demonstrate that the
9           additional defendants' failure to provide a "ladder-handrail-grab bar"
            violated the Eighth Amendment. A prison official violates the Eighth
10          Amendment when two requirements are met: (1) the deprivation
            alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at
11          834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the
            prison official possesses a sufficiently culpable state of mind, *id.*
12          (citing *Wilson*, 501 U.S. at 297). Specifically, Plaintiff should
            indicate if he requested a "ladder-handrail-grab bar" or provide more
13          allegations how the denial such a request was sufficiently serious, and
            that these additional named defendants had a culpable state of mind.
14          *See id.*

15  *Id.* Therefore, the Court dismissed the complaint with leave to amend to cure these pleading

16  deficiencies. The Court granted Plaintiff twenty-eight days to file an amended complaint to cure

17  the pleading deficiencies, or to suffer dismissal of the action.

18          On February 8, 2021, copies of the Court's January 15, 2021 Order and its Order granting

19  *in forma pauperis* status (Dkts. 6, 7) sent by mail to the Plaintiff by the Court was returned as

20  undeliverable to the Clerk of the Court with the following notation: "RETURN TO SENDER.

21  UNDELIVERABLE AS ADDRESSED. UNABLE TO FORWARD." Dkt. 9.

22          On February 12, 2021, Plaintiff filed a notice of appeal to the Ninth Circuit Court of

23  Appeals. Dkt. 10.

24          On March 10, 2021, the Ninth Circuit dismissed the appeal for lack of jurisdiction. Dkt.

25  12. Thereafter, the Ninth Circuit issued its mandate. Dkt. 13.

26          On March 29, 2021, the Clerk re-sent copies of the Court's January 15, 2021 Order and its

27  Order granting *in forma pauperis* status (Dkt. 6, 7) to Plaintiff using his updated address on file.

28  This mailing has not been returned undeliverable. In essence, re-sending the January 15, 2021

3

1   Order granted Plaintiff another twenty-eight days to file an amended complaint to correct the

2   deficiencies outlined in that Order. Again, Plaintiff was warned that the failure to timely file an

3   amended complaint would result in the dismissal of this action for failure to prosecute. Dkt. 7 at

4   8. The deadline to file his amended complaint was April 26, 2021.

5         The time for Plaintiff to file his amended complaint has passed, and no amended complaint

6   has been filed. In addition, Plaintiff has not filed any further communications with the Court since

7   his February 12, 2021 Notice of Appeal. Taking into account the salient factors set forth *in Ferdik*

8   *v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), the Court finds that dismissal is warranted under

9   Federal Rule of Civil Procedure 41(b).[2] *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 989, 992

10  (9th Cir. 1999) (affirming dismissal of action following plaintiff's failure to amend complaint after

11  receiving leave to do so, where the interest in expeditious resolution of litigation, the court's

12  management of its docket, and avoiding prejudice to defendants favored dismissal).

13        Accordingly, IT IS HEREBY ORDERED that the complaint in the above-captioned action

14  is DISMISSED WITHOUT PREJUDICE.

15        The Clerk shall close the file.

16        IT IS SO ORDERED.

17  Dated:  June 7, 2021

18                                                                      _____
                                                                        JUDGE YVONNE GONZALEZ ROGERS
19                                                                      United States District Judge

20

21

22

23

24

25        [2] If and when Plaintiff is prepared to pursue his claims, he may file a new civil rights
    action. The limitations period to file a section 1983 action in California is two years, but it is
26  tolled for up to two years during a continuous period of incarceration. *See Silva v. Crain*, 169 F.
    3d 608, 610 (9th Cir. 1999) (holding, pursuant to Cal. Civ. Proc. Code § 340(3), that the
27  limitations period for filing a section 1983 action in California is one year); S.B. 688 (amending
    Cal. Civ. Proc. Code § 340(3) and adding section 335.1 to establish two-year residual limitations
28  period for personal injury actions); Cal. Civ. Proc. Code § 352.1(a) (providing for an additional
    two years of tolling during a period of continual imprisonment).

4